IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RENE LUCIO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 21-136 |
| | § | |
| NAVY ARMY COMMUNITY CREDIT | § | |
| UNION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

### Introduction

1.     Plaintiff Rene Lucio is a former employee of Defendant Navy Army Community Credit Union.  Over the course of his employment with Defendant, Plaintiff suffered from severe allergies that caused acute sinusitis and acute respiratory infections that required him to be under the care of a physician and caused him, from time to time, to miss work.  As such, Plaintiff suffered from serious health conditions for which he took Family and Medical Leave (FMLA)-qualifying intermittent leave.   While on FMLA-protected leave, Defendant discharged Plaintiff from employment.  As such, Plaintiff now brings this action for unlawful interference and discrimination under the FMLA.

### Parties

2.     Plaintiff Rene Lucio is a natural person.  He may be served with papers in this case through the undersigned counsel.

1

3.      Defendant Navy Army Community Credit Union is a state-chartered credit union with its principal place of business at the J. Wayne Vann Administration Building, located at 2730 Rodd Field Rd., Corpus Christi, Texas 78414.  It may be served with process through its Chief Executive Officer, Gerry Morrow, at the location above.

**Jurisdiction and Venue**

4.      The Court possesses subject-matter jurisdiction over this action pursuant to 28 USC Section 1331 because Plaintiff's claims arise under a federal statute, the Family and Medical Leave Act.  The Court possesses personal jurisdiction over Defendant because Defendant is organized under the laws of the State of Texas, because Defendant maintains its principal place of business in Texas, and because Defendant continuously does business in Texas.  Venue is proper in the Southern District of Texas because all of the events giving rise to Plaintiff's claims occurred within the geographic confines of the Corpus Christi Division.

**Causes of Action:  Unlawful Interference and Discrimination under the FMLA**

5.      Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 4 supra.

6.      Defendant is a state-chartered credit union headquartered in Corpus Christi, Texas.  Defendant is a covered employer under the FMLA because, during the relevant time periods, it employed more than 50 employees within a 75-mile radius of the site where Plaintiff worked in Corpus Christi, Texas.  On January 23, 2017, Plaintiff commenced work for Defendant as a collections representative in Corpus Christi.  At all times relevant to this lawsuit, Plaintiff was a covered employee under the FMLA because at the time he took his protected medical leave, as described below, he had worked for Defendant for more than a year and had worked in excess of 1250 hours during said year.

2

7.      Starting in 2018, Plaintiff suffered from chronic and severe allergies that resulted in acute sinusitis and respiratory infections for which he was under the regular care of physicians. As a result of his serious health conditions, Plaintiff requested and was granted (after supplying the requisite health care certifications from his physician) intermittent FMLA leave. Plaintiff took intermittent leave consistent with his health provider's certification and Defendant's authorization. As a result of his serious health condition, Plaintiff last missed work on February 5, 6, 7, 8, 10, and 11 of 2020. Plaintiff contends that these absences were FMLA protected. Plaintiff remained in contact with management during this time to advise that he was ill and would be taking FMLA leave. However, on the morning of February 11, 2020, Plaintiff was discharged from employment despite his protest that his absences were FMLA-protected. Nevertheless, Plaintiff was advised that the Company had decided to "part ways" with him. Defendant refused to provide Plaintiff with a specific reason for termination.

8.      Plaintiff pleads that, by discharging Plaintiff under the circumstances, Defendant unlawfully interfered with Plaintiff's rights under the FMLA. In addition, or in the alternative, Plaintiff pleads that his discharge constitutes unlawful discrimination (retaliation) under the FMLA.

11.      Plaintiff has suffered damages as a result of his termination, including lost wages and benefits. Plaintiff also pleads that he is entitled to an award of liquidated damages as well as reasonable attorney fees.

**Jury Demand**

12.      Plaintiff demands a trial by jury

**Prayer for Relief**

13.      Plaintiff Rene Lucio prays that upon final judgment he be awarded the following:

3

1. Lost wages and benefits in the past and in the future;

2. Liquidated damages;

3. Attorney fees;

4. Costs of court; and

5. All other relief to which he is entitled.


Respectfully submitted,


/s/ Michael V. Galo, Jr.
Michael V. Galo, Jr.
State Bar No. 00790734
Federal Bar No. 19048
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile:  210.616.9898
Email: mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
RENE LUCIO